IN THE MATTER OF THE APPLICATION

OF

THE ESTATE OF MANUEL ULLOA, Deceased
represented by LUCY P. ULLOA, Administratrix
for the registration of Lot No. 7141, Mataguac
Mataguac, Municipality of Yigo, Guam
Appellant

Appeal No. 78-0210A
District Court of Guam, Appellate Division
June 19, 1980

- - - - -

- - - - -

DUENAS and LAURETA, District Judges and BURNETT, Designated Judge.

OPINION

PER CURIAM:
    Appellant filed petition for registration of title to seventy-one acres of land located in the municipality of Dededo. The Government of Guam appeared and objected to the granting of title on the grounds that there is encroachment on the government's land and the area claimed by appellant (petitioner) is 11.8 times larger that the tax roll area. The court below found that title to six hectares of land is vested in the appellant, while title to the remaining sixty-five hectares is vested in the government.

The trial court found that the map, introduced and admitted into evidence as appellant's Exhibit 1, was inadequate to support petitioner's claim because:

". . . Petitioner did not produce the registered land surveyor under whose supervision the map was prepared and further failed to produce any witness familiar with the field notes for said survey."

Appellant argues that this ruling constitutes error and contends that "the lower court has disregarded the statutory prima facie finding of §13809 of the Government Code of Guam which provides that where a map, sketch, or plat conforms with the provisions of §13808, Government Code of Guam, which this map does, it is prima facie evidence of the facts represented thereon, without further proof."

Appellant, however, chose to ignore other portions of §13808 and has in fact closed its eyes to a very pertinent provision of that section which says in essence "that no document purporting to establish title to land. . . shall be filed unless accompanied by a map, . . . made within one year period . . . preceding the filing of the petition for land registration if said map were filed therewith."

The petition was filed on July 26, 1973. The map attached to the petition was dated March 3, 1972 and bears a certification date of April 1, 1972. Clearly the map was not made "within a one year period preceding the filing of the petition" to which it was attached. The statutory prima facie finding of §13809 is therefore clearly not applicable since the map attached to the petition was more than one year old and hence not in conformance with the requirement of §13808, and [since] it no longer enjoyed the benefits of being prima facie evidence, the trial court did not err when it held that appellant's failure to produce the land surveyor under whose supervision the map was prepared rendered the map inadequate to support his claim to the entire seventy-one hectares.

In any event, assuming arguendo, that the map should have been treated as prima facie proof of the facts represented thereon, it would have been proof of the description of the subject property -- not necessarily of ownership.

The trial court did make findings supporting the government's claim to ownership of the sixty-five hectares. designated as Lot 10139. Appellant has not argued that the findings were in error and accordingly this Appellate Court will not disturb the trial court's findings.

These findings would be sufficient to contradict and overcome the prima facie benefits of appellant's map even if it had met the one-year filing period requirement.

For the foregoing reasons, the decision of the trial court is AFFIRMED.